UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
MARILYN MAZZELLA, et al.,

                        Plaintiffs,

                - against -                              **ORDER**
                                                  CV 04-3605 (BMC) (JO)

CITY OF NEW YORK, et al.,

                        Defendants.
-----------------------------------------------------------X
-----------------------------------------------------------X
RACHEL CARTER, et al.,

                        Plaintiffs,

                - against -                              CV 05-2968 (DGT) (JO)

CITY OF NEW YORK, et al.,

                        Defendants.
-----------------------------------------------------------X

**JAMES ORENSTEIN, Magistrate Judge:**

      The two above-captioned cases arise from the same set of circumstances and are proceeding together for the purposes of discovery. My Second Amended Case Management and Scheduling Order of September 13, 2006, set a deadline of November 17, 2006, for the completion of all disclosures relating to the parties' respective case-in-chief experts. On November 5, 2006, in response to a request by the plaintiffs in the *Mazzella* matter, I extended that deadline to November 20, 2006. On November 20, 2006, the plaintiffs in the *Carter* matter filed a letter-motion listing four outstanding discovery requests and requesting a further three-week extension for plaintiffs' case-in-chief expert disclosures, until December 11, 2006. *Carter*, Docket Entry ("DE") 41.

In their response, defendants City of New York and the New York City Police Department (collectively, the "City defendants") take no position on the *Carter* plaintiffs' request for an extension of time. *Carter*, DE 42. In the absence of any objection, I grant that portion of the *Carter* plaintiffs' request for relief and extend the deadline for all parties' case-in-chief expert disclosures to December 11, 2006.

The City defendants go on to construe the *Carter* plaintiffs' reference to outstanding discovery requests as a motion to compel, and having inferred the existence of such an application, the City defendants oppose it on several grounds. Specifically, they note that such a motion is premature because their 30-day period to respond to the outstanding requests has not yet expired, *see* Fed. R. Civ. P. 34(b); they complain that the *Carter* plaintiffs did not confer with them before submitting the motion, *see* Loc. Civ. R. 37.3; they claim that some of the requested documents (relating to the re-training of the New York City Police Officer defendants) do not exist; and they contend that the outstanding request for documents from the Police Department's "quality assurance unit" is overbroad and irrelevant. *Id.* at 1-2.

The first two observations about the plaintiffs' motion suggest the existence of no motion to compel rather than a defective one. Either way – whether because there is no motion or because the dispute it raises is not yet ripe for resolution – I decline to address the merits of the City defendants' substantive objections. Instead, I direct counsel for all of the parties to confer in an effort to resolve their outstanding discovery dispute. No later than December 13, 2006, the parties must either submit a joint report advising that the discovery dispute is resolved, or file a motion for relief based on the remaining dispute.

I will enter a separate amended case management and scheduling order reflecting the revised deadlines in this order.

**SO ORDERED.**

Dated: Brooklyn, New York
November 30, 2006

/s/ James Orenstein
JAMES ORENSTEIN
U.S. Magistrate Judge